# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOSE A. ROSA,

        Plaintiff,

v.                                                        Case No:  6:11-cv-1042-Orl-28GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**:

Jose A. Rosa (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. Claimant argues that the final decision of the Commissioner should be reversed and remanded for further proceedings because the Administrative Law Judge (hereafter "ALJ") erred by: 1) applying the wrong legal standard when evaluating Claimant's neck and hand impairments, and finding that said impairments were not severe without substantial supporting evidence; and 2) failing to include all of Claimant's limitations in the hypothetical question posed to the vocational expert (the "VE"). Doc. No. 17. For the reasons set forth below, it is **RECOMMENDED** that the final decision of the Commissioner be **REVERSED and REMANDED** for further proceedings because the ALJ failed to include all of Claimant's limitations in the hypothetical question posed to the VE and, therefore, the final decision is not supported by substantial evidence.

## I. BACKGROUND.

On April 12, 2010, Dr. Nitin Hate, a consulting examining doctor, offered his opinion on Claimant's residual functional capacity (hereafter "RFC"). R. 465-67. In determining that Claimant could perform light work, Dr. Hate indicated that Claimant chiefly complained of occasional pain and the belief that he has an abdominal hernia; depression, anxiety and insomnia; and blindness in his right eye. R. 465. Dr. Hate found that Claimant was blind in his right eye, his spine was normally maintained, his touch and pinprick sensations were generally normal, his vibration and position senses were preserved, his muscle and grip strength was normal. R. 466. Dr. Hate also found that Claimant's coordination for gross and fine movements was normal. R. 466. Dr. Hate opined that Claimant "needs surgical attention" for abdominal wall weakness that could be a hernia; Claimant has a history of anxiety, depression and insomnia; and Claimant is blind in his right eye. R. 467. The ALJ gave "significant weight" to Dr. Hate's RFC opinion. R. 26.

On July 6, 2010, Dr. Ahmed saw Claimant for his initial visit at Family Physicians of Casselberry. R. 601. Dr. Ahmed noted that Claimant sometimes has numbness in his left hand and fingers, and drops things out of his left hand. R. 601. Dr. Ahmed noted that Claimant complained of joint and back pain, as well as muscle aches "[l]egs and hands." R. 602. Dr. Ahmed observed that Claimant was not in any "acute distress," did not have any "abnormal cervical nodes" in his neck and had "normal full range of motion of all joints." R. 602. Dr. Ahmed opined that Claimant had "paresthesia" in his hands. R. 602.

On August 30, 2010, Caitlyn Welsh, a physical therapist with Florida Hospital Sports Medicine and Rehabilitation, noted that a nerve conduction test on Claimant's hands revealed cervical radiating pain. R. 629. Ms. Welsh noted that Claimant was not clear about his history

of back pain or how his symptoms changed during the day. R. 629. Ms. Welsh noted that there were no MRI results yet. R. 629. Ms. Welsh diagnosed Claimant with spine cervical radiculitis and spine lumbar pain. R. 630. Ms. Welsh indicated that Claimant had decreased range of motion, decreased strength, decreased ability to sit or stand for prolonged periods of time, pain and impaired ambulation. R. 630. Ms. Welsh opined that Claimant was unable to bend, could not sit for longer than an hour and could not hold small objects. R. 630.[1]

On August 25, 2010, at the hearing, the ALJ posed the following hypothetical question to the VE:

> Please assume that you're dealing with an individual who is the same age as the [C]laimant, 48 years old, same education level, limited education, can communicate in English. Further assume that this individual has the residual functional capacity for performing the exertional demands of light work with the following limitations, the individual I'm describing must avoid concentrated exposure to machinery, hazards and open heights. The individual has no depth perception, limited far and near vision because of the loss of the right eye and can perform only simple routine tasks.

R. 69. Thus, the ALJ's hypothetical to the VE limited Claimant to only simple routine tasks. R. 69. These limitations were based on an eight-hour workday. R. 70. The VE responded that an individual with those above limitations could not perform the Claimant's past relevant work, but he could perform work as an advertising material distributor, fountain server, and housekeeping cleaner. R. 69-70.

On October 22, 2010, the ALJ issued a decision finding Claimant not disabled. R. 20-34. In making this finding, the ALJ determined that Claimant has the RFC to "perform light work . .

---

[1] The ALJ gave little weight to Ms. Welsh's opinion because Claimant did not report "these allegedly disabling symptoms" to Dr. Hate during his consulting examination. R. 26. The ALJ discounted the results of the nerve conduction test that showed Claimant was suffering from cervical radiating pain in his hands because "no other studies substantiate the claimant's allegations regarding this matter and the report indicated that there were no MRI findings." R. 26. The ALJ also gave little weight to Ms. Welsh's opinion because it was based on Claimant's "subjective complaints and [is] incongruent with the record." R. 26.

. except that the [C]laimant has limited near, far, and depth perception secondary to right eye blindness and should avoid concentrated exposure to hazards, machinery, and heights. In addition, the [C]laimant is limited to the performance of simple routine tasks." R. 24, 33.

In determining that Claimant is limited to simple routine tasks, the ALJ gave great weight and relied upon the opinion of Dr. Richard Willens, a non-examining psychologist. R. 23, 28. Specifically, the ALJ stated:

> With regard to concentration, persistence or pace, the [C]laimant has moderate difficulties. Dr. Willens opined that the [C]laimant has moderate difficulties in the area of concentration, persistence or pace. Dr. Willens opined that the [C]laimant has limited ability to sustain concentration, persistence, or pace for an extended period, but <u>should be able to complete simple tasks for six to eight hours in an eight-hour period</u> at an appropriate pace, and sustain this level across days and weeks. . . . The [ALJ] concurs [with this opinion].

R. 23 (emphasis added).[2] Thus, the ALJ accepted Dr. Willens' opinion that in the domain of concentration, persistence or pace, the Claimant is limited to completing simple tasks for six to eight hours in an eight-hour work day.

## II. THE ISSUES.

Claimant raises two issues on appeal. First, Claimant contends that the ALJ erred in applying an incorrect legal standard when evaluating Claimants' hand impairments, and lacked substantial evidence to find such impairments were not severe. Doc. No. 17 at 9-12.[3] Second, Claimant asserts that the final decision is not supported by substantial evidence because the ALJ failed to include the limitation to simple tasks for six to eight hours in an eight hour workday in

---

[2] Dr. Willen's opinion states: "Clmt has limited ability to sustain CPP for extended period but should be able to complete simple tasks for 6-8 hours in an eight-hour period at an appropriate pace, and sustain this level across day and weeks." R. 493.

[3] Thus, Claimant alleges the ALJ erred at step two of the sequential evaluation process.

the hypothetical question to the VE. Doc. No. 17 at 12-17. Claimant requests the case be reversed and remanded for further proceedings. Doc. No. 17 at 17.

In regard to Claimant's first argument, the Commissioner asserts that the ALJ recognized the conflict between Ms. Welsh and Dr. Hate's records, and determined that the impairments were short term, resolving after a few months, and not a basis for a finding of disability. Doc. No. 19 at 12. In regard to Claimant's second argument, the Commissioner contends that Claimant "reads too much into Dr. Willens' opinion," and "most jobs typically have regular periods for breaks and lunches and do not require an individual to work for 6 to 8 hours at a stretch." Doc. No. 19 at 12-13. Nevertheless, the Commissioner acknowledges that the ALJ based his RFC finding on "Dr. Willens [sic] opinion that Plaintiff could complete simple tasks for 6 to 8 hours in and 8-hour period at an appropriate pace, and sustain this level across days and weeks." Doc. No. 19 at 14. The Commissioner asserts that the ALJ's limitation in the hypothetical question to simple routine tasks appropriately accounted for this limitation. Doc. No. 19 at 14-15 (citing *Jarrett v. Comm'r*, 442 F. App'x. 869, 872 (11th Cir. 2011)). The Commissioner requests the Court affirm the ALJ's decision. Doc. No. 19 at 16.

## III. LEGAL STANDARDS.

### A. THE ALJ'S FIVE-STEP DISABILITY ANALYSIS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520(a), 416.920(a). In Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At

> step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

### B. THE STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Id.*; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker*

*v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

### C. REMEDIES

Congress has empowered the District Court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g)(Sentence Four). To remand under sentence four, the District Court must either find that the Commissioner's decision applied the incorrect law, fails to provide the court with sufficient reasoning to determine whether the proper law was applied, or is not supported by substantial evidence. *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal analysis was conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *Jackson v. Chater*, 99 F.3d 1086, 1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for District Court to find claimant disabled).

## IV. <u>ANALYSIS</u>.

Claimant argues the ALJ applied the incorrect legal standard to his neck and hand impairments, and substantial evidence does not support the ALJ's finding that such impairments are not severe. Doc. No. 17 at 9-12. Assuming arguendo that the ALJ erred in failing to find that Claimant had severe impairments in his hands and neck, the error was harmless. An ALJ's

failure to find an impairment to be severe can be harmless error when the "ALJ considers the functional limitations of the impairment at later steps of the evaluation." *Gatewood v. Comm'r of Soc. Sec.*, 2010 WL 455318 at *11 (M.D. Fla. Feb. 3, 2010). In determining Claimant's RFC, the ALJ found that Claimant did not have any functional limitations from a neck or hand impairment because Dr. Hate found Claimant's cervical and thoracolumbar spine, as well as his grip strength, muscle strength, fine movement coordination and touch sensations to be normal. *See* R. 26. Because the ALJ considered and found that Claimant did not suffer any functional limitations from a neck or hand impairment, any error in the ALJ's failure to find Claimant suffered from said impairments was harmless. *Id.*

As to the second issue Claimant raises, at step five of the sequential evaluation process the Commissioner bears the burden of establishing jobs the claimant can perform that exist in the national economy. *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x. 135, 137 (11th Cir. 2009).[4] Moreover, at step five, the Commissioner must demonstrate that a claimant can perform regular work "8 hours a day, for 5 days a week." SSR 96-8p. *See also Kelley v. Apfel*, 185 F.3d 1211, 1214-15 (11th Cir. 1999) (describing SSR 96-8p and the Commissioner position that at step five, a claimant must have the ability to perform full-time work as defined therein). This can be accomplished by the ALJ posing a hypothetical to a vocational expert. *Wright*, 327 F. App'x. at 137. "In order for a [VE's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011).

When "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for

---

[4] Unpublished decisions of the Eleventh Circuit are not binding, but are persuasive authority.

such limitations." *Id*. In *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x. 869, 871-872 (11th Cir. 2011), the case relied upon by the Commissioner, the ALJ's hypothetical question to the VE limited the claimant to simple tasks and concentrating for brief periods of time. *Id*. at 871. The claimant argued that the ALJ erred by failing include a specific time limitation for claimant's ability to concentrate. *Id.* at 872. The Eleventh Circuit found that the ALJ did not err because the record did not support a specific time limitation for claimant's ability to concentrate. *Id*. The Eleventh Circuit further stated that "an ALJ's hypothetical restricting the claimant to simple and routine tasks adequately accounts for restrictions related to concentration, persistence and pace where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite concentration deficiencies." *Id*.

This case is distinguishable from *Jarrett* because here Dr. Willens' opinion specifically limits Claimant to the ability to "complete simple tasks for 6-8 hours in an eight-hour period." R. 493. In the decision, the ALJ gave great weight to Dr. Willens' opinion and adopted this specific finding when he determined Claimant's RFC. R. 23; Doc. No. 19 at 14 (Commissioner acknowledging that ALJ based his findings on this specific opinion). If Claimant's concentration, persistence, or pace limitations restrict him to only performing simple tasks for six to eight hours a day during an eight-hour workday, then he necessarily cannot perform regular work for "8 hours per day, 5 days a week." *See* SSR 96-8p (defining the requirements for work at step five). Furthermore, a limitation to simple tasks for six to eight hours per eight-hour workday is more restrictive that a limitation to just simple tasks, which presumes the ability to perform the same for an eight-hour workday. Thus, the ALJ's hypothetical question to the VE does not include all of the Claimant's limitations. *See Winschel*, 631 F.3d at 1180 (holding that a hypothetical question must include all of the limitations found by the ALJ). Accordingly, the

ALJ's finding at step five is not supported by substantial evidence. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (in order for VE's testimony to constitute substantial evidence, hypothetical question must include all limitations). Based on the forgoing, it is **RECOMMENDED** that the Court find that the final decision is not supported by substantial evidence.

V.  **CONCLUSION.**

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **REVERSE and REMAND** the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g); and

2. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on July 5, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson
3200 Corrine Dr
Orlando, FL 32803

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Robert D. Marcinkowski
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224