# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOSE A. ROSA,

                         Plaintiff,

-vs-                                                         Case No.  6:11-cv-1042-Orl-28GJK

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEYS' FEES** (Doc. No. 25) |
| **FILED:** | August 6, 2012 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part.** |

On July 26, 2012, a judgment was entered reversing and remanding this case to the Commissioner of Social Security (hereafter "Commissioner") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. No. 22.  Plaintiff now moves for an award of attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (hereafter "EAJA") (the "Motion").  Doc. No. 25.  In the Motion, Plaintiff requests the Court award

1

attorney's fees in the amount of $4,617.34 and states that the Motion is uncontested. Doc. No. 25 at 1.

In the Motion and attached time sheet, counsel for Plaintiff, Richard A. Culbertson, Esq., states that he performed 25.1 hours of work on the case, representing 1.8 hours of work performed in 2011 at an hourly rate of $325.02 per hour and 23.3 hours of work performed in 2012 at an hourly rate of $184.22 per hour. Doc. No. 25 at 2, 11. In the Motion, counsel states that the hourly rates requested do not exceed the statutory cap adjusted for inflation. Doc. No. 25 at 7-9. Counsel states that the Commissioner has agreed that if Plaintiff does owe a debt to the Government, the Government will pay EAJA fees directly to counsel pursuant to Plaintiff's assignment of benefits. Doc. No. 25 at 9. Plaintiff complied with Local Rule 3.0(1)(g) and certifies that the Commissioner does not object to the fees requested. Doc. No. 25 at 2.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-30 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. The Supreme Court noted, however, that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney, analogizing to those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign his or her entitlement to attorneys' fees. *Id*. at 2528-29. An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) to be valid. *See Farm Bureau Mut. Ins. Co. v. United States*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984).

Section 3727(b), provides that:

> <u>An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued</u>. The assignment shall specify the warrant,

>must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b) (emphasis added). Thus, any assignment of EAJA fees which predates an award and determination of the amount of fees is voidable. *See Delmarva Power & Light Co. v. United States,* 542 F.3d 889, 893 (Fed. Cir. 2008); *Young v. Astrue*, 2011 WL 1196054 at *3-4 (M.D. Ga. Feb. 24, 2011).

In the Motion, Plaintiff requests an award of attorneys' fees. Doc. No. 25 at 3. In compliance with *Ratliff*, it is recommended that the Court award EAJA fees to the Plaintiff as the prevailing party.

Accordingly, it is **RECOMMENDED** that:

1. The Motion be **GRANTED in part** (Doc. No. 25);

2. The Court award attorneys' fees to Plaintiff in the amount of $4,617.34; and

3. Otherwise, **DENY** the Motion.[1]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

---

[1] While the United States Department of the Treasury (the "Department") may exercise its discretion to honor the Plaintiff's assignment of benefits, the undersigned is not recommending that the Court require the Department to honor it.

3

**RECOMMENDED** in Orlando, Florida on August 8, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record
Unrepresented parties